■ EUROPEAN AMERICAN BANK, Appellant, v BANK OF NOVA SCOTIA, Respondent. [784 NYS2d 99]—

Second amended judgment, Supreme Court, New York County (Louis B. York, J.), entered January 13, 2004, which ordered that the marshal's levy in favor of petitioner, a judgment creditor of Vamincor Dominicana, S.A., a Dominican Republic corporation, and its principals, upon certain funds held by respondent, the Bank of Nova Scotia's (BNS) New York Agency (BNS-NY) pursuant to two wire transfers from Rochez Bros. of Pittsburgh, Pennsylvania to Vamincor, be released for the appropriate transfer to BNS's wholly owned indirect subsidiary Scotiabank (Cayman Islands) Ltd. (BNS-Cayman), unanimously affirmed, without costs.

Petitioner claims that the funds in question are subject to levy in New York inasmuch as BNS-NY was, in this case, a receiving or beneficiary bank and the final destination of the funds in question. Petitioner maintains that because United States dollar transfers between BNS, BNS-NY and affiliated entities such as BNS-Cayman are not accomplished by wire transfers, but by means of debits and credits of corresponding banking accounts maintained on the books of each affiliated institution, and communications between the affiliated institutions about the particular debit and credit, such a transfer is not within the scope of UCC article 4-A governing funds transfers as defined in UCC 4-A-104.

Although the funds transfers which are the primary focus of article 4-A are those commonly referred to as wholesale wire transfers, the Supreme Court, in rejecting petitioner's contentions, correctly found that UCC 4-A-103 (1) does not limit the

transfer of funds subject to the article to wire transfers only, as petitioner argues, but provides that virtually any means of communicating the transfer is acceptable (" 'Payment order' means an instruction of a sender to a receiving bank, transmitted orally, electronically, or in writing, to pay, or to cause another bank to pay, a fixed or determinable amount of money to a beneficiary if . . . (iii) the instruction is transmitted by the sender directly to the receiving bank or to an agent, funds transfer system, or communication system for transmittal to the receiving bank" [UCC 4-A-103 (1) (a)]). UCC 4-A-502, which exempts certain funds transfers from "creditor process" (defined by UCC 4-A-502 [1] as any levy, attachment, garnishment, etc.), provides, in pertinent part: "[c]reditor process with respect to a payment by the originator to the beneficiary pursuant to a funds transfer may be served only on the beneficiary's bank with respect to the debt owed by that bank to the beneficiary. *Any other bank served with the creditor process is not obliged to act with respect to the process*" (subd [4]; emphasis added).

Here, the parties' agreed statement of facts clearly states that the originating bank party, or sending bank, was PNC Bank in Pittsburgh, which wired the funds in question from Rochez's account with it (originating party) to BNS-NY. The wire instruction listed "Scotia Bank-Cayman Island Transit No 10875" as the beneficiary bank party and "Vamincor Dominicana, S.A." as the beneficiary party. As stated without contradiction in the deposition of the vice-president of BNS-NY, which was attached as an exhibit to the agreed statement of facts, BNS-NY is "simply a link in a chain" paying that money on from PNC Bank in Pittsburgh to Scotiabank (Cayman Islands), which, in turn, would take such funds and presumably credit Vamincor's account with it. Thus, Supreme Court properly held that where such further transfer to a receiving bank is contemplated, the levy cannot be enforced (*see Weston Compagnie de Fin. et D'Investissement, S.A. v La Republica Del Ecuador*, 1993 WL 267282, *3-4, 1993 US Dist LEXIS 9531, *10 [SD NY, July 14, 1993]).

We have considered petitioner's further equitable argument and find it unpersuasive. Concur—Nardelli, J.P., Andrias, Ellerin, Gonzalez and Catterson, JJ.